861 A.2d 109

IN THE MATTER OF RICHARD B. GIRDLER, AN ATTORNEY AT LAW (ATTORNEY NO. 278731972).

November 29, 2004.

ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 04–083, concluding that **RICHARD B. GIRDLER** of **LINCOLN PARK**, who was admitted to the bar of this State in 1972, and who has been suspended from the practice of law since May 1, 2002, pursuant to Orders of the Court filed April

3, 2002, and March 3, 2004, should be suspended from practice for a period of three months for violating *RPC* 1.3 (lack of diligence), *RPC* 1.4(a) (failure to communicate with client), *RPC* 8.1(b) (failure to cooperate with ethics authorities), and *RPC* 8.4(a) (violation of Rules of Professional Conduct);

And the Disciplinary Review Board having further concluded that prior to reinstatement to practice, respondent should be required to demonstrate that he is fit to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics;

And respondent having been ordered to show cause why he should not be disbarred or otherwise disciplined;

And the Court having determined from its review of the matter that a one-year suspension from practice, consecutive to the three-month suspension ordered by the Court on March 3, 2004, is warranted and that respondent's reinstatement to practice should be subject to conditions;

And good cause appearing;

It is ORDERED that **RICHARD B. GIRDLER** is suspended from the practice of law for a period of one year and until the further Order of the Court, retroactive to June 3, 2004; and it is further

ORDERED that respondent continue to be restrained and enjoined from practicing law during the period of suspension and that he continue to comply with *Rule* 1:20–20; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that respondent be evaluated by the New Jersey Lawyers Assistance Program; and it is further

ORDERED that prior to reinstatement to practice, respondent shall demonstrate that he is fit to practice law, as attested to by a mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that on reinstatement, respondent shall practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of one year, and until the further Order of the Court; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs incurred in the prosecution of this matter; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State.